UNITED STATES BAN KRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

In re:

    Matthew G. Cascioli,                           Case No 16-36317 (CGM)

    Lauren M. Cascioli,                              Chapter 13

                      Debtor(s).

_____X

DEBTORS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO HOLD BOARD OF DIRECTORS OF WILLIAMSBURG RIDGE HOMEOWNERS ASSOCIATION, INC. A.K.A. WILLIAMSBURG RIDGE HOMEOWNERS ASSOCIATION INC. ("WILLIAMSBURG"), IN CONTEMPT OF COURT FOR THEIR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C §§ 362(a) (3) and (6) AND FURTHER SANCTIONING WILLIAMSBURG TO PAY COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO THE COURT'S INHERENT RIGHT TO SANCTION SUCH CONTEMPT UNDER 11 U.S.C. § 362(k)(1) AND §105 (a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9020

**PRELIMINARY STATEMENT**

       This Memorandum of Law is respectfully submitted by Matthew G. Cascioli and Lauren M. Cascioli, ("debtors"), in support of their motion to hold Williamsburg in contempt of court for their willful violations of the automatic stay under §§ 362(a) (3) and (6) and to further sanction Williamsburg to pay compensatory and punitive damages under Bankruptcy Code 11 U.S.C. §362(k) (1) and §105 (a) and Federal Rule Of Bankruptcy Procedure 9020.

       As set forth in the accompanying motion, debtor's affidavit and Attorney declaration, Williamsburg intentionally violated the automatic stay of this court. The respondent's actions constitute willful conduct directed against the debtors by an imposition of personal liability for amounts and debts that were and remain the subject of the automatic stay in the present case.

       Williamsburg continues to invoice the debtors, in an attempt to collect for two pre-petition judgments that are the subject of the automatic stay. Those judgments were also the subject of a successful 11 U.S.C. §522(f) motion and order in this case.

       Williamsburg received notice of the debtors' bankruptcy filing and received notice of the motion to avoid their judicial lien at which they did not appear nor oppose. Williamsburg submitted an invoice wherein they correctly included only post-petition debt, through their attorney, to debtors' attorneys demonstrating that they indeed know the difference between pre and post-petition-debt.  After the post-petition debt owed to Williamsburg was paid by the debtors, Williamsburg, in a devious manner attempted to collect the pre-petition debt by adding one of the invoices to the debtors' monthly post-petition Homeowner Association fees, thereby attempting to trick the debtor into paying the pre-petition debt with the post-petition debt. Williamsburg also then sent a second invoice to the debtors and attempted to collect on another pre-petition debt. Both pre-petition debts invoiced by Williamsburg in violation of the automatic

stay were also subjects of a 11 U.S.C. § 522(f) motion and order of this Court.

### FACTS OF THE CASE

On July 18, 2016 the debtors' filed a voluntary petition for relief under Chapter 13 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. On July 20, 2017 Williamsburg was notified of the debtors' filing. **(Exhibit "A" to Attorney Declaration).**

On October 26, 2016, debtors' attorney received a letter stating debtor had failed to pay post-petition homeowners dues July 18, 2017. **(Exhibit "B" to Attorney Declaration)**

Through the work of the debtors' attorneys and the attorneys for Williamsburg, the situation was rectified and all post-petition debts forwarded to debtors' attorneys in the statement dated October 25, 2017 were paid to Williamsburg. **(Exhibit "D" to Attorney Declaration)**,

Debtors also filed a motion to avoid two judicial liens under § 522(f) that had been filed with the Putnam County Clerk. Williamsburg was notified of the motion hearing on November 6, 2017. **(Exhibit "F" to Attorney Declaration)** but did not oppose nor appear on the motion.

The motion was granted and an order was signed avoiding the judicial liens on December 11, 2017. **(Exhibit "G" to Attorney Declaration)**

On or about January 30, 2018, the debtors received two invoices from Williamsburg attempting to collect pre-petition debt.

The first invoice combined one pre-petition avoided judicial lien with the debtors' monthly homeowners association dues. **(Exhibit "H" to Attorney Declaration)** With the knowledge that Williamsburg knows the difference between a pre-petition debt and a post-petition debt as evidenced by the statement they sent limited to only post-petition dues, **(Exhibit "D" to Attorney Declaration)** the actions of Williamsburg in combining current homeowners' dues with pre-petition debt can only be seen as an attempt to use trickery to have the debtors pay pre-petition debt.

The second invoice was an attempt to collect a pre-petition debt and an outright violation of the automatic stay. **(Exhibit "I" to Attorney Declaration)**.

### ISSUE

Whether Williamsburg's attempt to collect pre-petition debt violates the automatic stay of this court under 11 U.S.C. § § 362 (a) (3) and (6).

### JURISDICTION

This Court has jurisdiction under 28 U.S.C. §§ 1334(b), 157(b)(1) and (2)(O), and the

amended Standing Order of Reference, signed by Chief Judge Loretta A. Preska, dated January 31, 2012, of the claim brought under 11 U.S.C. § § 362 (a) (3) (6) which constitutes a core proceeding.

## EFFECT OF THE AUTOMATIC STAY

Filing a bankruptcy petition operates as an automatic stay under 11 U.S.C. § 362 (a), which defines the scope of the automatic stay, by enumerating those acts that are stayed by the commencement of the case.

The reach of the automatic stay extends to formal efforts to collect debts, and provides, in part:

11 U.S.C. § 362 (a)(3) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . ."

11 U.S.C. § 362 (a)(6)

Paragraph (6) prevents creditors from attempting in any way to collect a prepetition debt. . . . This provision prevents evasion of the purpose of the bankruptcy laws by sophisticated creditors. (HR Rep No. 595 95th Cong, 1st sess 342 (1977); S Rep No. 989, 95th Cong, 2d Sess 50-51 (1978)).

"In analyzing a claimed violation of § 362(a)(6), the Sixth Circuit has provided the following as a 'useful guide:' 'a course of conduct violates § 362(a)(6) if it "(1) could reasonably be expected to have a significant impact on the debtor's determination as to whether to repay, and (2) is contrary to what a reasonable person would consider to be fair under the circumstances."'" *In Re:* Mathson Indus., 423 B.R. 643, [*648] (E.D. Mich. Jan. 26, 2010) (quoting *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000) and *In Re:* Briggs, 143 B.R. 438, 453 (Bankr. E.D. Mich. 1992)). (See also *In Re:* Westridge, 2009 Bankr. LEXIS 3310 (October 23, 2009).

The *Mathson* Court held that "it is not a mere expression of intent that makes a creditor's conduct unlawful, the proper analysis focuses on whether the conduct in question actually violates a provision of the bankruptcy code." *Id.* at 652. The Court concluded that the defendant violated the automatic stay "because the conduct allow[ed] the defendant to recover its prepetition debt at the expense of other creditors." *Id*.

## INTENT AND WILLFULNESS

Section 362(k)(1) provides:

". . . an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages."

"Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay, and a violation is willful when a creditor acts intentionally with knowledge of the bankruptcy." *In Re:* Harris, 374 B.R. 611, 616 (Bankr. N.D. Ohio 2007).

"An award of actual damages to an individual is mandated where the stay violation is willful, and the bankruptcy court has discretion to assess punitive damages. Where a party has willfully violated the automatic stay, an award of actual damages to an individual is mandated where the stay violation is willful, and the bankruptcy court has discretion to assess punitive damages. *In Re:* Westridge, 2009 Bankr. LEXIS 3310 [*4] (October 13, 2009).

"The imposition of sanctions or damages for a willful violation of the automatic stay requires a showing that (1) the conduct at issue constituted a violation of the automatic stay; (2) the violation was willful; and (3) the debtor was injured as a result of the violation. Thus, to impose sanctions, there must first be an action that constitutes a violation of the automatic stay under 11 U.S.C. § 362(a)." *In Re:* Zamora, 2012 Bankr. LEXIS 4544 [*5] (September 28, 2012, W.D. Texas)

*In Re:* Diviney, the Court held that, "A violation of the automatic stay is 'willful' when a creditor knows of the automatic stay and its actions that violate the automatic stay are intentional; a finding of specific intent to violate the stay is not required. It is irrelevant whether a creditor believes in good faith that it had a right to the property in determining whether the act was willful." (225 B.R. 762, 774 (10th Cir. BAP 1998)).

Damages for willful violation of the automatic stay will lie if "a person takes a deliberate act . . . in violation of a stay, which the violator knows to be in existence . . . such an act need not be performed with specific intent to violate the stay. Rather, so long as the violator possessed general intent in taking actions which have the effect of violating the automatic stay the intent required . . . is satisfied." *In Re:* Sucre, 226 B.R. 340, 349 (Bankr. S.D.N.Y. 1998).

## DISCUSSION

The automatic stay of 11 U.S.C. Section 362(a) arose upon the debtors filing for bankruptcy protection. The automatic stay affords broad protection to a debtor, protecting a debtor from creditor action including, but not limited to, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

In the instant case the debt for which the debtor is being pursued is a prepetition debt.

Williamsburg's actions to obtain possession of property from the estate or to exercise control over property of the estate is a violation of 11 U.S.C. § 362 (a)(3).

Williamsburg's judgments were obtained prior to the filing of the debtor's chapter 13 bankruptcy case and therefore constitute pre-petition debt. Further, the judgments of Williamsburg were avoided in the instant case by a motion and order under 11 U.S.C. § 522(f). 11 U.S.C. § 362 (a)(6) prevents creditors from attempting in any way to collect a prepetition debt.

An act to recover a prepetition debt is exactly what the automatic stay is designed to protect against. Williamsburg has a duty to refrain from attempting to collect a debt from debtors who they know to have filed a bankruptcy case.

If such conduct was permitted it would permit any creditor to recover debts which have been stayed by the automatic stay of 11 U.S.C. Section 362(a) at the expense of other creditors, contrary to the intended purpose of the automatic stay and would render the automatic stay useless.

The presumption, at law, applicable to Williamsburg, given that Williamsburg had actual notice of the bankruptcy, submitted a billing statement which was limited to and only stated amounts that were incurred by the debtors post-petition and was further notified the case when the motion to avoid liens was filed is that its acts are willful, and that its violations of the automatic stay are deliberate.

Debtors' seek to recover actual damages including legal fees and punitive damages and to have Williamsburg sanctioned for its conduct wherein it attempted to combine a pre-petition debt with post-petition homeowners fees and continue to invoice debtors for pre-petition fees in violation of the automatic stay.

The relief sought is relief to which the debtor would be entitled under 11 USC sec. 362(a) (3) and (6). The remedy is stated in 11 USC sec. 362(k)(1) and in 11 USC 105(a) and Federal Rule Of Bankruptcy Procedure 9020.

## CONCLUSION

Williamsburg has violated the Automatic Stay. The debtors have been damaged as a result of the actions of Williamsburg. The actions of Williamsburg are a clear violation of the automatic stay and constitute violations of this Court's Order. As a result, Williamsburg must pay compensatory damages, including reasonable attorney's fees and punitive damages for its acts and for their willful and continued violation of the automatic stay.

Dated: Carmel, New York
      February 9, 2018

    /s/Frank J. Corigliano
    Law Office of Francis J. O'Reilly
    Attorney for the Debtors
    1961 Route 6
    Carmel, New York 10512
    (845) 225-5800